# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBERT LEE POOLE, | ) 1:07 CV 00147 OWW WMW HC<br>)<br>) MEMORANDUM OPINION AND ORDER RE<br>) RESPONDENT'S MOTION TO DISMISS<br>) PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner, | ) |
| v. | )<br>) [Doc. 7]<br>) |
| D. SMITH, | ) ORDER DENYING CERTIFICATE OF<br>) APPEALABILITY |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   Pending before the court is Respondent's motion to dismiss.

### PROCEDURAL HISTORY

On September 16, 1991, in the Eastern District of Texas, Petitioner pleaded guilty to the following: (1) armed bank robbery pursuant to 18 U.S.C. § 2113(a)(d); (2) interference with commerce by threats or violence pursuant to 18 U.S.C. § 1951(a); (3) using and carrying a firearm pursuant to 18 U.S.C. § 924(c)(1); (4) felon in possession pursuant to 18 U.S.C. § 922(g)(1); and (5) making false statements to obtain a firearm pursuant to 18 U.S.C. § 922(a)(6). Count 6, the charge of using and carrying a firearm, related to the commission of a robbery of a Bank One branch in Beaumont, Texas.   On April 8, 1992, Petitioner was sentenced to serve a term of 248 months. Of this, 60 months was attributable to the mandatory minimum

1  sentence Petitioner received on count 6, the charge of using and carrying a firearm.  <u>United States</u>

2  <u>v. Poole</u>, 790 F.Supp. 691, 692 (E.D. Tex., 1992).

3       Before he was sentenced, Petitioner filed a motion to withdraw his plea.  <u>Poole</u>, 790

4  F.Supp. at 691.  His main argument was that the presentence report recommended a longer

5  sentence than he and his attorney anticipated.  <u>Id</u>.  He also argued that much of his sentence was

6  based on the fact that he had carried a gun during the bank robbery.  <u>Id</u>.  He claimed that he had

7  brought a gun to the motel robbery, but not to the bank robbery.  <u>Id</u>.  He argued that his plea was

8  not voluntary because of his mistaken belief that his sentence would be less than 18 years.  <u>Id</u>.

9  The district court denied the motion.  <u>Id</u>. at 963.  The court found that Poole had adequate

10  counsel and that his plea had been knowing and voluntary.

11       Petitioner appealed, arguing again that he should have been allowed to withdraw his plea.

12  He also argued that he had not carried a gun during the bank robbery.  The Court of Appeals

13  rejected his arguments and summarily affirmed his conviction and sentence.

14       On June 5, 1995, Petitioner filed a § 2255 motion which the district court denied on May

15  23, 1997.  <u>See</u>  <u>Poole v. United States</u>, 2006 WL 3166455 (E.D. Texas 2006) (dismissing

16  subsequent § 2255 petition as an unauthorized second or successive petition).  Petitioner

17  attempted to appeal, but the appeal was dismissed as untimely.

18       Petitioner filed the present petition on January 26, 2007.  In his petition, Petitioner

19  contends that he is factually innocent of  Count 6, the charge of using and carrying a firearm,

20  related to the commission of a robbery of a Bank One branch, because he did not use or carry a

21  gun during that robbery.

22                                    **LEGAL STANDARDS**

23       A federal prisoner who wishes to challenge the validity or constitutionality of his

24  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

25  under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988);  <u>Thompson v.</u>

26  <u>Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997);

27  <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing

28  court has jurisdiction.  <u>Tripati</u>, 843 F.2d at 1163.   A prisoner may not collaterally attack a

1   federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

2   U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at

3   1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

4   　　　In contrast, a federal prisoner challenging the manner, location, or conditions of that

5   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

6   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

7   177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

8   States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79

9   (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.

10  United States, 610 F.2d 672, 677 (9th Cir. 1990).

11  　　　A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*

12  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

13  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United

14  States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has

15  recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)

16  (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by

17  motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,

18  1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions

19  does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a

20  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.

21  Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

22  petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams

23  v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,

24  United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

25  § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden

26  is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United

27  States, 315 F.2d 76, 83 (9th Cir. 1963).

28  //

1

**DISCUSSION**

2        Respondent moves to dismiss this petition for lack of jurisdiction, arguing that Petitioner

3   cannot correctly proceed under § 2241, because he cannot satisfy the requirements of the § 2255

4   savings clause.  Specifically, Respondent contends that Petitioner cannot establish that he is

5   factually innocent.

6        In opposing the motion, Petitioner argues that he has never been afforded an unobstructed

7   procedural shot at presenting his claim of actual and factual innocence to the charge of using and

8   carrying a firearm[1].  He argues that he is actually innocent, relying on Bailey v. United States,

9   516 U.S. 137, 116 S.Ct. 501 (1995).

10       The Ninth Circuit has noted that other circuits have held that "a federal prisoner who is

11  actually innocent of the crime of conviction, but who has never had an unobstructed procedural

12  shot at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under

13  § 2255 is foreclosed."  Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations

14  omitted).  Nevertheless, the Ninth Circuit in Lorentsen specifically declined to decide whether to

15  adopt the holdings of any other circuits.  Id.  Notably, however, the Ninth Circuit did find that the

16  Petitioner in Lorentsen could not invoke the "escape hatch in § 2255" because the Petitioner was

17  not "actually innocent" of the underlying conviction.  Id.

18       "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence,

19  it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United

20  States, 523 U.S. 614, 623 (1998) (*quoting* Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851

21  (1995)). "Actual innocence" means factual innocence, not mere legal insufficiency.  Id.

22       Respondent first contends that a claim of actual innocence under the § 2255 savings clause

23  must be supported by new evidence, citing House v. Bell, 126 S.Ct. 2064 (2006).  Respondent claims

24  that Petitioner has presented no new evidence in support of his present petition.  Bell, however,

25  concerns the actual innocence exception to procedural bar as set forth in Schlup v. Delno, 513 U.S.

26  298, 115 S.Ct. 851 (1995), not the § 2255 savings clause.  The court therefore finds this contention

27

28

---

[1]Petitioner's opposition is found in a document entitled Motion for Consideration and Clarification.

insufficient to support a motion to dismiss.

Respondent contends that Petitioner's factual innocence claim is legally incorrect. Respondent describes Petitioner's claim as based on the premise that he could not have been convicted of violating § 924(c)(1) unless he pulled out a gun and pointed it at the teller. Respondent argues that to the contrary, Bailey makes clear that a robber "uses" a firearm if he simply makes reference to it as part of his threat. This partial description of the holding in Bailey is inaccurate. In Bailey, the Supreme Court explained that "use" under the statute meant "active" use, and then discussed the meaning of "active use" as follows:

> We note that this reading compels the conclusion that even an offender's reference to a firearm in his possession could satisfy § 924(c)(1). Thus, a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a "use," just as the silent but obvious and forceful presence of a gun on a table can be a "use."

Thus, the reference to a firearm must, in order to satisfy § 924(c)(1), be a firearm in the defendant's possession. While Petitioner apparently does not now deny his confession that he left the gun in the car during the bank robbery, this begs the question of what constitutes "possession" under the above holding from Bailey. Respondent has not addressed this issue. Therefore, the contention is insufficient to support a motion to dismiss.

Third, Respondent contends that Petitioner cannot demonstrate actual innocence in this case because he was convicted of both using and carrying a firearm. Respondent argues that a defendant can "carry" a gun by transporting it in his car during a crime. See Muscarello v. United States, 524 U.S. 125 (1998)(phrase "carries a firearm" is not limited to carrying of firearms on person, but also applies to person who knowingly possesses and conveys firearms in a vehicle, which person accompanies). Respondent concludes that a bank robber who has his gun in the car is still guilty of violating §924(c)(1) even if he makes no reference to the gun and keeps it in the car the entire time. See United States v. Williams, 344 F.3d 365 (3rd Cir. 2003) (evidence that defendant carried gun while escaping in getaway car was sufficient to support finding that defendant carried gun "during" robbery, as required for conviction).

The court finds Respondent's argument to have merit, based on Petitioner's conviction of "using and carrying a firearm" pursuant to 18 U.S.C. § 924(c)(1). In his confession, as set forth in

1  the Presentence Report, Petitioner claimed he had left his gun in the car while he robbed the bank.

2  None of Petitioner's attempts to demonstrate actual innocence addresses this issue.  The court must

3  conclude, therefore, that Petitioner has not demonstrated actual innocence of his charge of using and

4  carrying a firearm pursuant to 18 U.S.C. § 924(c)(1).

5      Fourth, Respondent contends that Petitioner's showing of actual innocence is deficient

6  because it does not address the effect of the government's dismissal of several counts involving the

7  robbery of a motel.  As Respondent states, the Court explained in Bousley that in cases "where the

8  Government has foregone more serious charges in the course of plea bargaining, petitioner's

9  showing of actual innocence must also extend to those charges."  523 U.S. at 624.  Here, part of

10 Petitioner's plea bargain was the dismissal of the § 924(c)(1) charge from the robbery of the motel.

11 As Respondent notes, Petitioner has never denied that he used a gun during the robbery of the motel.

12 In fact, he admits that he did so.  Thus, the court must agree with Respondent that Petitioner cannot

13 demonstrate actual innocence as to the § 924(c)(1) charge from the robbery of the motel.  It follows

14 that he therefore also cannot demonstrate actual innocence as to the § 924(c)(1) charge from the bank

15 robbery.

16     Finally, Respondent contends that Petitioner is unable to meet the second requirement of the

17 § 225 savings clause because he is unable to show that he did not have an "unobstructed procedural

18 shot" at presenting his present claim earlier.  Respondent claims that Petitioner raised this same

19 claim on his direct appeal and in his § 2255 motion.  Because Respondent has not provided the court

20 with copies of the decision in either of those proceedings, the court is unable to address this

21 contention.

22

23     Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

24 proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C.

25 § 2253, provides as follows:

26         (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
           the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
27         which the proceeding is held.
           (b) There shall be no right of appeal from a final order in a proceeding to test the validity of
28         a warrant to remove to another district or place for commitment or trial a person charged

6

with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)      Respondent's motion to dismiss is GRANTED;

2)      A certificate of appealability is DENIED;

3)      Petitioner's motion for consideration and clarification is DENIED [Doc. 8];

3)      This petition for writ of habeas corpus is DISMISSED;

4)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:      March 10, 2008              /s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE